Alexander James Taylor, Esq.
SULAIMAN LAW GROUP, LTD.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

ABIGAIL MAYA,

Plaintiff,

v.

SCOTT & ASSOCIATES, PC,

Defendant.

CASE NO. 5:23-cv-01760

JURY TRIAL DEMANDED

## COMPLAINT

**NOW COMES** Abigail Maya ("Plaintiff"), by and through her undersigned counsel, complaining of Defendant, Scott & Associates, PC, ("Defendant") as follows:

## NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to the FDCPA and 28 U.S.C. §§ 1331 and 1337.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of

1

California and all of the events or omissions giving rise to the claims occurred within the Central District of California.

### PARTIES

4. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided Riverside, California.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Defendant is a professional corporation organized and existing under the laws of the state of Texas.

7. Defendant maintains its principal place of business at 1120 Metrocrest Dr., Ste 100, Carrollton, Texas 75006.

8. Defendant is a legal recovery firm that collects defaulted debts owed to third parties.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others. The bottom of Defendant's website reads "this is an attempt to collect a debt by a debt collector".[1]

### FACTUAL ALLEGATIONS

10. The instant action stems from Defendant's attempt to collect upon a personal loan debt of $2,688.48 Plaintiff purportedly incurred through Blue Ridge Bank ("subject debt").

11. After Plaintiff's alleged default on the subject debt, the subject debt was sold or assigned to Spring Oaks Capital SPV, LLC ("Spring Oaks") for collections

12. Subsequently thereafter, the subject debt was eventually assigned to Defendant for collections.

13. On July 25, 2023, Plaintiff received a Collection Letter in the mail from Defendant attempting to collect the subject debt on behalf of Spring Oaks.

---

[1] https://www.spalaw.com/eng/ (Last visited August 1, 2023).

14. Plaintiff was perplexed because she never received any written correspondence or collection phone calls from Defendant, or any of her original creditors.

15. At no time did Plaintiff receive any written correspondence from Defendant describing her validation rights pursuant to the FDCPA.

16. In the Collection Letter, Defendant failed to provide Plaintiff the mini-Miranda. Specifically, Defendant's Collection Letter failed to inform Plaintiff that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

17. Defendant's course of conduct was designed to threaten and compel Plaintiff's payment on a debt under misleading pretenses.

## DAMAGES

18. Defendant's misleading debt collection practices have disrupted Plaintiff's daily life and general well-being

19. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, wasting Plaintiff's time, emotional distress, mental anguish, and anxiety.

20. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## CLAIM FOR RELIEF

### COUNT I:
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)**

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

25. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

### a. Violations of FDCPA§ 1692e

26. Defendant violated §1692e(11) in its letter to Plaintiff by failing to provide Plaintiff with the complete mini-Miranda warning stating that Defendant was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose. This was the first communication Defendant had with Plaintiff, and as such Defendant should have provided the mini-Miranda disclosure in its entirety.

### b. Violations of FDCPA §1692g

27. Defendant violated §1692g by failing to send Plaintiff a written validation notice within five days of the initial communication.

28. Moreover, Defendant deprived Plaintiff of her right to dispute the validity of the subject debt, as prescribed by the FDCPA.

29. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

30. As described above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. A finding that Defendant violated the aforementioned sections of the FDCPA;

b. An award of any actual damages sustained by Plaintiff as a result of Defendant's violations of the FDCPA;

c. An award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

d. An award of reasonable attorney's fees and costs as determined by this Court; and

e. An award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

30. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 30, 2023                      Respectfully submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor, Esq.
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*